UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| PERRY S. STARK, | ) |
|       Plaintiff, | ) |
| v. | ) No.  2:12CV83 TIA |
| CAROLYN W. COLVIN,[1] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reverse and Remand (Docket No. 19).  The suit involves an award of Disability Insurance Benefits under Title II of the Social Security Act and overpayment due to Workers' Compensation offset.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Procedural History

Plaintiff appeals the June 8, 2010 reconsideration determination regarding the calculation of benefits due to Claimant after his Workers' Compensation offset.  The request for reconsideration was denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. 16-21, 33-34).  After a January 3, 2011 hearing, the ALJ issued a Decision on February 23, 2011, affirming the June 8, 2010 determination.  (Tr. 8-14).  On October 4, 2012, the Appeals Council denied Plaintiff's Request for Review.  (Tr. 2-6).  Thus, the ALJ's decision is the final decision of the Commissioner.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is therefore substituted for Michael J. Astrue as the Defendant in this action.

**Discussion**

On December 3, 2012, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer on February 4, 2013. On April 4, 2013, Plaintiff filed his Social Security Brief in Support of the Complaint. On July 31, 2013, Defendant filed a Motion to Reverse and Remand pursuant to sentence four of 42 U.S.C. § 405(g). In the Motion, Defendant asserts that, after careful review of the case, agency counsel requested that the Social Security Administration Appeals Council reconsider the Commissioner's decision. Upon reconsideration, the Appeals Council determined that remand was appropriate for further consideration of Plaintiff's Workers' Compensation offset resulting in his receipt of an overpayment of disability benefits under Title II of the Social Security Act. In addition, Defendant avers that upon receipt of the Court's remand order, the Appeals Council will remand the case to the ALJ with instructions to apply the correct computation of Plaintiff's Workers' Compensation offset to determine the correct amount of his overpayment or underpayment.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record

before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order.  See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[2]

The undersigned has reviewed the record in light of Defendant's assertions in her motion to remand.  Plaintiff has agreed that remand is warranted and has not objection.  Because the Appeals Council has agreed that remand is warranted, little discussion is necessary.  Therefore, in light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings.

On remand, ALJ will apply the correct computation of Plaintiff's Workers' Compensation offset to determine the correct amount of his overpayment or underpayment.  Because Defendant agrees that the case should be remanded, and Plaintiff has raised no objection, the Court will grant Defendant's motion for reversal and remand under sentence four.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand Reverse and Remand (Docket No. 19) be **GRANTED** and this cause be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  A separate Judgment in accordance with this Memorandum and Order is entered this same date.

      /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this   3rd   day of October, 2013.

---

[2] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand.  However, the statute does not explicitly mandate such in depth evaluation.  In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and Plaintiff has voiced no objection to the motion.